IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRALEN LAMAR JORDAN, | § | |
| #22702-009, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-750-N-BK |
| | § | |
| FORT WORTH MEDICAL CENTER, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Bralen Lamar Jordan's

petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States

magistrate judge for case management, including the issuance of findings and a recommended

disposition where appropriate.

On March 29, 2024, Jordan, a federal detainee at FMC Fort Worth, petitioned for writ of

habeas corpus under 28 U.S.C. § 2241, challenging his pretrial confinement pending a mental

evaluation and seeks release from confinement.  Doc. 3 at 7-8; *see United States v. Jordan*, No.

4:14-CR-20 (E.D. Ark. Jan 3, 2024) (order committing Jordan to the custody of the Bureau of

Prisons (BOP) for a mental-competency evaluation under 18 U.S.C. § 4242(a)).   However,

Jordan was released from BOP custody on March 26, 2024, the day after he signed his petition.[1]

Doc. 3 at 10.  Therefore, the issue presented in this case is now moot.[2]

---

[1] *See* BOP prison locator at https://www.bop.gov/inmateloc/ (last accessed on April 2, 2024).
[2] Jordan also challenges the conditions of confinement at FMC Fort Worth and seeks compensatory damages, Doc. 3 at 6-8, but such claims are not cognizable in this habeas action. *See  Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend federal habeas jurisprudence to conditions of confinement claims).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445

U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or

the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v.*

*McCormack,* 395 U.S. 486, 496 (1969)).

Jordan's habeas petition only seeks his release from custody.  Doc. 3 at 8.  Because he

has now been released, his petition is moot and should be **DISMISSED WITHOUT**

**PREJUDICE** for lack of jurisdiction as moot.  *See* FED. R. CIV. P. 12(b)(1).

**SO RECOMMENDED** on April 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).